———o———

No. 5698.

## DOUGLAS ELECTRIC CONSTRUCTION COMPANY, LIMITED vs. A. MONTELEONE.

### Syllabus.

Questions of fact only are involved in this cause.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 94,600, Hon. E. K. Skinner, Judge.

J. Sinai, Sol Weis, for plaintiff and appellee.

E. H. McCaleb, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for a balance due and unpaid upon a contract, and upon a claim for compensation for extra labor and material furnished during the execution of the contract. Its claims were allowed, and defendant, who had judgment for part only of the amount claimed in reconvention, alone appeals.

It is admitted, that the balance claimed upon the contract price is due, but defendant contends that he made a tender of this amount on June 25th, 1910, and that consequently the Court erred in allowing interest on this item the date that the contract was completed, in 1909.

There is no merit in this contention for the reason that the tender did not include the interest then due upon this item; and for the further reason that a bulk sum was tendered in full payment of plaintiff's claims both for the balance of the contract price and for extra compensation, and this amount was not sufficient to satisfy these claims.

Several of the items of plaintiff's claim for extra compensation are admittedly due and those that are disputed will be considered.

## I.

Item of $136.05. This item was properly allowed by the lower Court and we concur in its reasons for its allowance which are fully justified by the record:

"The evidence shows that Monteleone took upon himself the building of a telephone switch in addition to that already in his building. The Douglas Electric Company supplied material to the amount of $4.80, not paid for, and certain helpers who have been paid.

"In order for Monteleone to do the work he was compelled to employ an expert, which the Douglas Electric Company supplied from the Western Electric Company, the man employed refusing to work directly for Monteleone. The contract was assumed by the Douglas Electric Company and the expert was engaged in the work for the time sued for, the delays being chargeable to the fault of Monteleone, who did not furnish the material with which to do the work. This item is allowed."

Item of $52.77. The only defense to this item is that it is excessive, the defendant admitting liability to the extent of $10.00. We are satisfied from our examination of the record that the extra labor and material was actually furnished and that the compensation claimed is reasonable.

Items of $180.15 and $708.81. One of the defenses to both of these items is to the effect that a charge of 40 per cent for profits is exorbitant. The testimony of numerous witnesses, expert in that line of business, is to the effect that the usual and proper charge for profits ranges from 40 to 50 per cent, and defendant has adduced practically no evidence to contradict this.

The second item is likewise objected to upon the ground that this extra work was furnished without a previous estimate thereof being submitted by plaintiff, as required by the clauses in the contract and specifications which provide, that the contractor in order to establish a claim for extra compensation, must in advance give written notice of such claim and must submit therewith an estimate thereof for the approval of engineers, whose written order for the work shall contain a statement of the amount to be paid by the owner.

This contention is not well founded. The changes or alterations were due to a defect in the plans and the extra

work was ordered by the engineer. Plaintiff declined to make an estimate in advance of this additional cost on the ground that the physical conditions rendered it impossible to formulate an estimate with any degree of accuracy. The engineer ordered the plaintiff to proceed notwithstanding, and this was done with the full knowledge and implied assent of defendant. The contract requirement was thereby waived and the defendant cannot now escape liability on this ground.

These are all the disputed items for extra compensation, and we are satisfied that they were properly allowed by the lower Court.

## II.

As to the reconventional demand, we have carefully reviewed all the evidence in the record and concur fully with the findings of the lower Court with respect to the disputed items, as follows:

"The defendant claims $1,832.50 in reconvention. He claims a deduction of $700.00 in changing the conduits from the floor to the basement. It may be possible that under the contract the defendant is entitled to some deduction, but the evidence does not show what. The omitted work for which the deduction is claimed is uncertain in measurement and value, both of which are essential in determining the amount defendant would be entitled to deduct.

"He claims for 1890 extension nipples at 15 cents each, for bringing the outlet boxes in the walls flush to the surface. The bill which he claims to have paid for this work shows, on analysis, that the nipples were worth about 3 cents each and that the amount charged as profit would aggregate nearly 400% in lieu of 40%. The contract requires the outlet boxes to be "flush" with the plaster and plaintiff undoubtedly should have done the work. I will allow 3 cents each for the nipples and 40% for placing them, thus

— 125 —

making the cost installed, 5 cents each, or a total allowance of $94.50.

"The defendant has not shown that the damage caused by the water (items of $500 and $40.00) in the conduits was the result of the fault of the plaintiff. The evidence shows that part of the work which contained the water and possibly caused the 'grounds' was rushed to enable the defendant to use his rooms, and that the water got into the conduits by reason of their being left open in the unroofed condition of the building and from natural condensation of the moisture in the pipes themselves."

As to the items of the reconventional demand that were rejected by the lower Court, we find no substantial reason for amending the judgment to one of non-suit. Defendant was afforded ample opportunity of proving these items and there is no indication that he would have proof requisite to sustain his demand on a second trial of the case.

The judgment appealed from is accordingly affirmed.

Judgment affirmed.

Opinion and decree, February 10, 1913.